```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
BIBIANO ROSA,                         |
                                      |
            Plaintiff,                |
                                      |    04 CV 9139 (KMW)
     -against-                        |
                                      |    MEMORANDUM OPINION
CITY UNIVERSITY OF NEW YORK,          |    AND ORDER
BOARD OF TRUSTEES OF THE CITY         |
UNIVERSITY OF NEW YORK, EUGENIO       |
MARIA DE HOSTOS COMMUNITY COLLEGE,    |
and PROFESSIONAL STAFF                |
CONGRESS/CUNY,                        |
                                      |
            Defendants.               |
--------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiff Bibiano Rosa ("Plaintiff") filed suit against the City University of New York ("CUNY"), the Board of Trustees of the City University of New York, Eugenio Maria De Hostos Community College ("Hostos") (collectively, the "CUNY Defendants"), and the Professional Staff Congress/CUNY (the "PSC") on the grounds that his permanent suspension without pay,[1] following his conviction of a felony, violates the Equal Protection Clause, the Due Process Clause, and New York state law.  He seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

---

[1] The parties disagree about whether Plaintiff was permanently suspended or discharged.  This issue is discussed infra.

1

Both the CUNY Defendants and the PSC have filed Motions to Dismiss Plaintiff's First Amended Complaint.  For the following reasons, Defendants' motions are granted.

**I.  Background**

The facts as set forth in this opinion have been taken from the Plaintiff's First Amended Complaint and are assumed to be true for the purpose of a motion to dismiss.  <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006).

In July 2000, Plaintiff, a tenured associate professor who had been teaching in Hostos's business department for over twenty-five years, pled guilty to third-degree robbery, which is a felony under New York law.[2]  After pleading guilty, Plaintiff took a leave of absence from his teaching duties.  Once his leave of absence expired, Plaintiff sought reinstatement and a full course load.

A collective bargaining agreement between CUNY and the PSC (the "CBA") governs discipline of Hostos's instructional staff.  Article 21.12 of that CBA ("Article 21.12"), which applies only to instructional staff members who have been convicted of felonies, modifies and expedites the CBA's general disciplinary

---

[2] Plaintiff's First Amended Complaint and memorandum of law state that he was convicted of robbery.  The Article 78 Court, however, stated that Plaintiff pled guilty to third-degree larceny.  This Court has not concerned itself with that apparent inconsistency, because both crimes are felonies in New York.

procedures.[3]  On December 20, 2001, the president of Hostos informed Plaintiff that she would recommend that he be discharged, in accordance with Article 21.12.  She suspended him, with pay, effective January 31, 2002.

Plaintiff timely filed for arbitration.  The arbitrator held hearings and, on February 10, 2003, issued a decision concluding that no extenuating circumstances justified a penalty less severe than discharge.

Following the arbitrator's decision, Plaintiff filed an Article 78[4] petition in the New York State Supreme Court (the "Article 78 Court"), seeking to annul the arbitrator's decision.  Rosa v. CUNY, No. 17400/03 (N.Y. Sup. Ct. Jan. 6, 2004).  The Article 78 Court rejected his claims and dismissed his petition on January 9, 2004.  The New York State Supreme Court Appellate Division (the "Appellate Division") affirmed the Article 78

---

[3] Given the disposition of Defendants' motions, it is unnecessary to recite the specifics of Article 21.12.

[4] An Article 78 proceeding is a special proceeding that a party may bring in New York State Supreme Court to address: (1) whether a body or officer failed to perform a duty enjoined upon it by law; (2) whether a body or officer proceeded, is proceeding, or is about to proceed without or in excess of jurisdiction; (3) whether a determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or (4) whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to the direction by law is, on the entire record, supported by substantial evidence.  N.Y. C.P.L.R. §§ 7803, 7804.

Court's dismissal on December 14, 2004.  Rosa v. CUNY, 789 N.Y.S.2d 4 (App. Div. 2004).  Plaintiff then filed this lawsuit.[5]

## II.  Legal Standard on a Motion to Dismiss

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor."  Allaire Corp., 433 F.3d at 249-50.  "A complaint may not be dismissed under the Rule unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts" entitling her to relief.  Id. at 250 (internal quotation marks omitted).  A party may raise a defense of collateral estoppel or issue preclusion on a motion to dismiss pursuant to Rule 12(b)(6) where the basis for that defense is set forth on the face of the complaint or

---

[5] Plaintiff has filed surreply memoranda for each Motion to Dismiss without prior leave of Court.  Pl.'s Sur-reply to Motion of Defendant City University of New York to Dismiss the First Amended Complaint, Nov. 3, 2005; Pl.'s Sur-reply to Motion of Defendant Professional Staff Congress/CUNY to Dismiss the First Amended Complaint, Nov. 3, 2005.  Plaintiff failed to comply with the Court's January 17, 2006 Order directing Plaintiff to respond to Defendants' letter objecting to the unauthorized surreplies no later than January 27, 2006.  While the Court permitted Plaintiff to file surreply memoranda in response to Defendants' Motions to Dismiss the Complaint, such an accommodation is not required here.  Defendants' reply brief does not make new or unexpected arguments; Plaintiff had a full opportunity to address Defendants' arguments in their opposition papers.  The surreplies add nothing to the analysis; instead, they simply repeat the arguments Plaintiff has made in his opposition papers.  Thus, the Court denies Plaintiff's belated request for leave to file surreply memoranda and will not consider them.  See, e.g., N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Tex., 115 F. Supp. 2d 348, 350 (E.D.N.Y. 2000).

4

established by public record.[6]  Feitshans v. Kahn, No. 06 Civ. 2125, 2006 WL 2714706, *2, 2006 U.S. Dist. LEXIS 79640, *10 (S.D.N.Y. Sept. 21, 2006).  The Court will consider materials outside the record that Plaintiff relied upon in drafting the complaint or that are integral to a complaint if there are no disputes as to the authenticity, accuracy and relevance of such materials.  Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); Feitshans, No. 06 Civ. 2125, 2006 WL 2714706, *2, 2006 U.S. Dist. LEXIS 79640, *10.

**III. Discussion**

    **A.    Issue Preclusion and Equal Protection**

Because the Article 78 Court decided, and the Appellate Division affirmed, each issue necessary to resolve Plaintiff's Equal Protection claim, it is barred by issue preclusion.  "'[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment is entered.'"  Jacobson v. Fireman's Fund Ins. Co., 111 F.3d 261, 265 (2d Cir. 1997) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S.

---

[6] Plaintiff, in his Opposition to the CUNY Defendants' Motion to Dismiss, stated that Rule 12(b)(1) applies to the issue preclusion or collateral estoppel.  Pl.'s Mem. in Opp. to the CUNY Defs.' Motion to Dismiss 7.  This is simply wrong.  See, e.g., Feitshans v. Kahn, No. 06 Civ. 2125, 2006 WL 2714706, *2, 2006 U.S. Dist. LEXIS 79640, *10 (S.D.N.Y. Sept. 21, 2006).

75, 81 (1984)). "New York courts will invoke the doctrine of [issue preclusion] 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party against whom preclusion is sought] had a full and fair opportunity to litigate the issue in the earlier action.'" Cobb v. Pozzi, 363 F.3d 89, 113 (2d Cir. 2004) (quoting Parker v. Blauvelt Volunteer Fire Co., 712 N.E.2d 647, 651 (N.Y. 1999)); see also Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 146 (2d Cir. 2005).  The party seeking to apply issue preclusion bears the burden of showing that the issues are identical and necessarily were decided in the prior action; the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with the party opposing its application.  Latino Officers Ass'n v. City of New York, 253 F. Supp. 2d 771, 783 (S.D.N.Y. 2003). Article 78 proceedings may have an issue-preclusive effect on later federal and state proceedings.  See Genova v. Town of Southampton, 776 F.2d 1560, 1561 (2d Cir. 1985); DiLauria v. Town of Harrison, 820 N.Y.S.2d 140, 141 (App. Div. 2006).

    Plaintiff's Equal Protection argument rests upon precisely the same issue that was raised and decided in his Article 78 proceeding: whether Hostos could permissibly use different disciplinary procedures for persons convicted of a felony than it used for persons not convicted of a felony.  In the Article 78

6

proceedings, Plaintiff argued that Article 21.12 irrationally discriminated against a disfavored class: convicted felons. In Plaintiff's appeal of the Article 78 Court's ruling, the Appellate Division specifically decided that New York state law "expressly permit[s] employment discrimination against felons where there is a direct relationship between the criminal offense and the specific employment." Rosa, 789 N.Y.S.2d at 4. The Article 78 Court concluded that the requisite direct relationship existed because Plaintiff, a teacher of business law and ethics, had been convicted of embezzling nearly $80,000 from a church where he served as the church's accountant. The Article 78 Court reasoned that, because there was a "clear nexus" between petitioner's criminal activity and his position at Hostos, Defendants did not violate New York state law.

This "clear nexus" test is identical to the test that would be used in Plaintiff's Equal Protection proceeding: did Hostos establish that it had a rational basis to subject staff members convicted of felonies to different disciplinary procedures than it used for staff members not convicted of felonies? E.g., City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985); Town of Southold v. Town of East Hampton, 477 F.3d 38, 54 (2d Cir. 2007). Defendants have met their burden to show that the issues in the Article 78 proceedings were identical to the issues in this proceeding, and thus that these issues were

necessarily decided in the Article 78 proceedings. Plaintiff has failed to show that he lacked a full and fair opportunity to litigate his Equal Protection claim. Thus, because the Article 78 Court decided the identical issues, Plaintiff is not entitled to relitigate them here.[7]

### B. Due Process

Plaintiff's remaining federal claim, his Due Process claim, lacks merit.[8] In considering Plaintiff's Due Process claim, the Court must determine: (1) whether Plaintiff possessed a liberty or property interest; and, if so, (2) what process he was due before he could be deprived of that interest. Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002). The parties

---

[7] In any event, Plaintiff's Equal Protection argument fails on its merits. As Plaintiff recognizes, criminal history is not a suspect classification. Thus, the CUNY Defendants need only a rational reason to draw distinctions based upon a person's status as a convicted felon. E.g., City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985); Town of Southold v. Town of East Hampton, 477 F.3d 38, 54 (2d Cir. 2007). Professors occupy positions of trust at universities. It is perfectly rational for Defendants to conclude that a professor convicted of a felony lacks the integrity to teach students. This justification easily meets the rational basis test. Plaintiff's Equal Protection argument would therefore fail on its merits. E.g., Gilbert v. Homar, 520 U.S. 924, 934 (1997).

[8] Both the Article 78 court and the Appellate Division based their due process rulings on the conclusion that Plaintiff should have filed an Article 75 proceeding, which was then time-barred. Because the state courts based their dispositions on the conclusion that Plaintiff's Article 75 proceeding was time-barred, issue preclusion does not prevent Plaintiff from raising a Due Process challenge now. Cepeda v. Coughlin, 785 F. Supp. 385, 388-89 (S.D.N.Y. 1992) (concluding that New York courts do not accord issue preclusive effect to decisions based on the statute of limitations because any discussion of the merits in such decisions is not essential to the disposition).

do not dispute that Plaintiff, as a tenured professor, has a property interest in continued employment.[9]  Thus, the only issue in dispute is whether Plaintiff received adequate process.[10]

"[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks omitted).  When a public employee is terminated, the Due Process requirement is satisfied if the government provides notice and a very limited opportunity to be heard, so long as a more comprehensive hearing is provided afterward.  Gilbert v. Homar, 520 U.S. 924, 929 (1997); Loudermill, 470 U.S. at 542; Locurto v. Safir, 264 F.3d 154, 173-74 (2d Cir. 2001).

Plaintiff's Due Process argument seems to be that he received neither a pre-suspension hearing nor a prompt post-

---

[9] Plaintiff does not, however, have a property interest in New York law, as he argues.  Pl.'s Mem. in Opp. to the CUNY Defs.' Motion to Dismiss 18. ("Plaintiff also holds a property interest in the state's statutory, regulatory and common law provisions.").  "Although state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures."  Holcomb v. Lykens, 337 F.3d 217, 224 (2d Cir. 2003) (citations omitted) (emphasis added).

[10] While all the papers in this case lack clarity, Plaintiff's Due Process argument is remarkably confusing.  He argues that he was denied Due Process because the CUNY Defendants afforded him no pre-termination hearing.  He seems to argue, however, that he was not terminated, only suspended indefinitely.  Pl.'s Mem. in Opp. to the CUNY Defs.' Motion to Dismiss 3-5.  For the purpose of Plaintiff's motion to dismiss, the Court assumes that Plaintiff's characterization of the facts is correct.

9

suspension hearing.[11]  It is undisputed, however, that Plaintiff pled guilty to felony charges in New York state court before he was suspended.  Case law is clear that the right to pre-suspension process is limited, and that criminal proceedings may suffice where the State must act quickly.  Gilbert, 520 U.S. at 933-34 (explaining that criminal proceedings may take the place of pre-suspension hearings because they "serve to assure that the state employer's decision to suspend the employee is not 'baseless' or 'unwarranted'").  Hostos's interests in protecting its students and maintaining public confidence in the school justify its need to act quickly when staff members are charged with felonies.  See id. at 930.  In this case, Plaintiff's criminal proceeding sufficed to protect Plaintiff's Due Process right; thus, no pre-suspension hearing was necessary.

Plaintiff's post-suspension proceedings satisfy the Due Process requirement.  The Arbitrator held a hearing eleven months after Plaintiff's initial suspension, which was eight months

---

[11] Plaintiff, in his opposition papers, seems to suggest that he no longer challenges the process surrounding his suspension.  Pl.'s Mem. of Law. 10 ("CUNY's position is wrong also because first, it fails to note that the state courts' statements are limited to their interpretation of the suspension and that this case in federal court is not a challenge to those courts' views on the suspension.").  If that statement is accurate, then it is not clear what Plaintiff is challenging.  The First Amended Complaint states that "[t]he procedure [in the CBA] deprives faculty members of the property interests created by tenure and state substantive and procedural laws protecting their employment without a pre- or prompt post deprivation hearing to ensure prompt disposition of the issues involved in the suspension."  First. Am. Compl. ¶ 50 (emphasis added).

after Plaintiff's suspension without pay.  While Plaintiff suggests that Due Process requires that his post-suspension hearing have proceeded more quickly, "he offers no indication that his wait was unreasonably prolonged."  Loudermill, 470 U.S. at 547 ("The chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a constitutional deprivation.").  After the arbitration concluded, Plaintiff challenged the arbitrator's decision in an Article 78 proceeding and an appeal of the Article 78 proceeding.  He has, in short, received far more process than the constitutional minimum, which is all that is due.  His Due Process claims accordingly lacks merit.

### D.   Remaining Claims

Plaintiff has asserted a number of claims under various provisions of New York state law.  Because the Court has dismissed all bases of federal jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' motions to dismiss [27, 29]. The Clerk of Court is directed to close this case. Any pending motions are moot.

```
         SO ORDERED.
Dated:   New York, New York
         April 2, 2007
```

                                                                    Kimba M. Wood
                                            United States District Judge